IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jai Anderson,  Case No. 4:12 CV 929

    Petitioner,  MEMORANDUM OPINION
  AND ORDER

-vs-  JUDGE JACK ZOUHARY

Warden Robert Farley,

    Respondent.

**INTRODUCTION**

*Pro se* Petitioner Jai Anderson filed this Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). Petitioner, currently in federal custody at the Elkton, Ohio Federal Correctional Institution, is serving a 24-month sentence for unlawful possession of a firearm. His projected release date is July 2013. Other than these facts, Petitioner provides only a generic overview of the Second Chance Act of 2007, the Sentencing Reform Act, and the futility of exhausting his administrative remedies. Petitioner concludes that Congress, by enacting the Second Chance Act, intended to provide prisoners the greatest opportunity to reintegrate back into society through community control centers. As such, he requests an Order directing the Bureau of Prisons ("BOP") to consider his placement in a residential recovery center under the factors set forth in 18 U.S.C. § 3624(c)(6)(C), as well as an Order granting him the maximum amount of time permitted for placement in such a center (i.e., 12 months). For the reasons set forth below, the Petition is denied.

**STANDARD OF REVIEW**

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district courts have a duty to "screen out" petitions lacking merit on their face).

**DISCUSSION**

It is well-settled that "federal prisoners complaining of events or conditions relating to their custody must exhaust their administrative remedies before habeas relief may be granted." *Little v. Hopkins*, 638 F.2d 953, 953–54 (6th Cir.1981). The BOP maintains an administrative remedy program through which inmates may seek formal review of issues relating to any aspect of their confinement. *See* 28 C.F.R. § 542.10(a). Petitioner is aware of the requirement to exhaust his administrative remedies, but claims it would be futile to pursue the effort. Specifically, Petitioner claims that the matter would not be resolved before his scheduled release date a year from now, and therefore the delay would moot his request.

Where, as here, the exhaustion of administrative remedies is not jurisdictional, courts must determine whether to excuse the failure to exhaust and reach the merits, or require the petitioner to

2

exhaust his remedies before proceeding in court. *See Brown v. Rison*, 895 F.2d 533, 535 (9th Cir.1990). Upon reviewing the Petition, judicial economy dictates reaching the merits, which are "easily resolvable against [P]etitioner." *See Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) (deciding a case on *Teague* grounds rather than prolong litigation by remanding for consideration of procedural issues). This Court will meet to address Petitioner's legal arguments.

The Second Chance Act provides, in relevant part:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions *may* include a community correctional facility.

18 U.S.C. § 3624(c)(1) (emphasis added). Although the Petition fails to state facts demonstrating Petitioner's right to relief, he believes he is entitled to a 12-month placement in a community correctional facility. The Act, however, contains no provision requiring placement in a community correctional facility, let alone for the maximum term.

Moreover, the Act mandates that placement decisions be made on an individual basis with reference to the criteria set forth in 18 U.S.C. § 3621(b), which states:

> (b) Place of imprisonment.--The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering--
>
> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;

3

>  (4) any statement by the court that imposed the sentence--
>
>> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>
>> (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

Accordingly, before a prisoner can even be considered for placement in a half-way house or community correctional facility, the BOP -- not this Court -- must consider the factors under Section 3621(b). While Petitioner now requests consideration under the statute, there is no allegation the BOP denied or refused to review his eligibility under the statute. If the BOP fails to meet its statutory obligation now or in the future, Petitioner's remedy will not be an early release. Rather, the appropriate remedy would be "an order requiring the BOP to consider-*in good faith*-whether or not [Petitioner] should be transferred to a [community correctional facility]." *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 251 (3d Cir. 2005).

## CONCLUSION

For the foregoing reasons, the Petition is denied and this action is dismissed without prejudice. Petitioner's Motion to Proceed *In Forma Pauperis* is granted (Doc. 3). Under 28 U.S.C. § 1915(a)(3), this Court certifies an appeal could not be taken in good faith.

IT IS SO ORDERED.

s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

July 13, 2012